Hurlbut, J.
Action by appellant (plaintiff below) against appellees (defendants below) to recover a judgment upon two promissory notes, maturing at different dates. Separate action was brought upon each note as it matured. At the trial the actions were consolidated by order of court. The notes were two of a series of four given by defendants to plaintiff as the purchase price of a certain traction' engine sold and delivered by plaintiff to defendants. The engine was purchased by defendants under a written contract signed and delivered by them, which contract contained certain written warranties concerning the durability, quality of material, and capacity for work, of the engine purchased.
*462 The answer admitted that defendants signed and delivered the two notes in issue, but alleged that they were given without consideration, and were fraudulent and void; that plaintiff made certain representations to defendants concerning the durability, equipment, capacity and suitableness of the engine in question; that the engine failed to comply with the representations, was weak, defective, poorly constructed, and worthless for the purpose of plowing and cultivating their land.
The replication denied all the allegations contained in the answer except admissions.
At the trial considerable testimony was admitted in evidence, over the objection of plaintiff, as to representations made by employees and agents of plaintiff concerning the construction, durability, capacity and efficiency of the engine for plowing purposes, all such representations having been made prior to the purchase of the engine and signing of the -said contract. The admission of such testimony was error and clearly prejudicial to the rights of plaintiff. Many of such representations alleged to have been made by plaintiff agents and representatives made extravagant claims and guarantees concerning the engine and its capacity, which were not contemplated by the written warranties. At the trial, under the court’s ruling, defendants made their election to rely for their defense upon the right to recover damages for the failure of the engine to comply with the warranties, and waived their right to rescind the contract of purchase. Under this situation it becomes at once apparent that all representations and guarantees concerning the engine made prior to the signing of the contract, by *463 the agents or representatives of the company, were wholly inadmissible and should have been excluded from the evidence. — Oil Creek Gold Mining Co. v. Fairbanks, Morris & Co., 19 C. A. (Colo.) 142.
The instructions given by the court informed the jury that the representations and guarantees alleged to have been made by plaintiff’s agents and representatives prior to the signing of the contract were matters for their consideration in deliberating upon their verdict. The instructions in that respect were clearly erroneous and reversible error. In this case the written contract must be looked to to ascertain what warranties or guarantees were made by plaintiff concerning the engine sold, and the evidence must be confined thereto, there being no fraud concerning the sale and purchase of the engine properly pleaded or proven. ' The-contract measures the liability of plaintiff and restricts defendants thereto as to any damage they may be entitled to recover against plaintiff for breach of the written warranties therein contained. The judgment must be reversed.
Case No. 3405, entitled Osborne W. Sylvester et al., appellants, v. J. I. Case Threshing Machine Co., appellee, is also on appeal from the district court of Eio Grande county, and is pending in this court. By agreement of counsel the case here decided and the one last mentioned were argued together at the oral hearing, with the understanding that the argument should apply to both cases. We have handed down an opinion at this term in the latter case, reversing the judgment below. It might be noticed that the last mentioned judgment was based upon the two remaining matured notes of the series above mentioned. Both judgments being now *464 reversed, the court below is instructed to consolidate the two cases and grant a new trial, and permit the respective parties to amend their pleadings as they may be advised.

Reversed and Remanded.